**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | 12/17/14 | Docket #: | 14-15786 |
| Debtor: | Mary Russo | Co-Debtor: | Carl D Russo |
| SS#: | xxx-xx-5887 | SS#: | xxx-xx-8992 |
| Address: | 16 Priscilla Mullins Way<br>Carver, MA 02330 | Address: | 16 Priscilla Mullins Way<br>Carver, MA 02330 |

| | |
|---|---|
| Debtor's Counsel: | Scott C. Hubbell, Esq.<br>MABBO#634380 |
| Address: | 275 Grove Street, Suite. 2-0400<br>Auburndale, MA 02466-2273 |
| Telephone #: | (508) 259-2886 |
| Facsimile #: | (508) 355-6495 |

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

# OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## PRE-CONFIRMATION CHAPTER 13 PLAN

CHAPTER 13 PLAN - AMENDED

Docket No.: 14-15786

DEBTOR(S): (H) Mary Russo SS# xxx-xx-5887

(W) Carl D Russo SS# xxx-xx-8992

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ 3,966.00 for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

■ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

______________________________ ;or

☐ ____ Months. The Debtor states as reasons therefore:

______________________________

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | | Amount of Claim |
|---|---|---|---|
| Chase | | $ | 191,298.76 |

Total of secured claims to be paid through the Plan $ 191,298.76

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| -NONE- | |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| Chase | Mortgagee's secured claim is to be modified by way of 11 USC 1322(b)(2) See VI | 191,298.76 |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

iii. The arrears under the lease to be paid under the plan are **0.00** .

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| -NONE- | | $ | |

B. Other:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| Massachusetts Dept of Revenue | | $ | 999.20 |

Total of Priority Claims to Be Paid Through the Plan $ **999.20**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| -NONE- | | $ | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **6.78** % of their claims.

A. General unsecured claims: $ **13,727.15**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| Chase | | $ | 308,875.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | | Amount of Claim |
|---|---|---|---|
| -NONE- | | $ | |

Total of Unsecured Claims (A + B ÷ C): $ **322,602.15**

D. Multiply total by percentage: $ **21,866.04**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| -NONE- | | $ | |

Total amount of separately classified claims payable at ____% $ 0.00

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

**1. Mortgagee's secured claim is to be modified by way of 11 USC section 1322(b)(2). Mortgagee shall receive distributions equal to or greater than but not less than the present value of the real estate 16 Priscilla Mullins Way, Carver, Massachusetts, 02330, within 5 years with interest 5%. The present value of the property at 16 Priscilla Mullins Way, Carver, Massachusetts is $171,125.00. Upon discharge the mortgagee's claim shall be deemd satisfied. The mortgagee shall not be entitled to any additional payments not provided for in this plan.**

**2. This is a 'pot' plan, in which the total of all payments in respect of non-priority unsecured claims (including the unsecured portion of under-secured claims) is a constant amount. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to non-priority unsecured creditors. Non-priority unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan.**

**3. Debtor will devote the non-exempt proceeds from claims listed on Debtor's schedules, non-exempt tax refunds, and any other non-exempt property, and all non-exempt disposable income to fund the chapter 13 plan.**

**4. Secured creditor, Rockland Trust's claim secured against the debtors Hyundai Tiburon automobile is to be paid by the auto insurer as the vehicle has been determined to be a total loss as a result of a motor vehicle accident. Debtor beleives there is adequate insurance to pay the secured creditor in full.**

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A) Secured claims (Section I-A Total): | $ | 191,298.76 |
| B) Priority claims (Section II-A&B Total): | $ | 999.20 |
| C) Administrative claims (Section III-A&B Total): | $ | 0.00 |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | 21,866.04 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 214,164.00 |
| G) Divide (f) by .90 for total including Trustee's fee: $23,796.00 | | |
| Cost of Plan= | $ | 237,960.00 |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan, 60 months

I. Round up to nearest dollar for Monthly Plan Payment: $ 3,966.00

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **Land and buildings at 16 Priscilla Mullins, Carver, MA 02330 including outbuilding, shed barn, and fenced equestrian paddocks.** | $ **171,125.00** | $ **480,000.00** |

Total Net Equity for Real Property: $ **0.00**
Less Exemptions (Schedule C): $ **0.00**
Available Chapter 7: $ **0.00**

B. Automobile (Describe year, make and model):

**1999 Ford F-450** Value $ **5,000.00** Lien $ **0.00** Exemption $ **5,000.00**

Total Net Equity: $ **5,000.00**
Less Exemptions (Schedule C): $ **5,000.00**
Available Chapter 7: $ **0.00**

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value: $ **50,573.00**
Less Exemptions (Schedule C): $ **39,350.00**
Available Chapter 7: $ **11,223.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **11,223.00**

E. Additional Comments regarding Liquidation Analysis:

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**IX. SIGNATURES**

**Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.**

**Scott C. Hubbell, Esq. MABBO#634380**
Debtor's Attorney
Attorney's Address: **275 Grove Street, Suite. 2-0400**
**Auburndale, MA 02466-2273**
Tel. #: **(508) 259-2886 Fax:(508) 355-6495**
Email Address: **scott.hubbell@hubbell-law.com**

**June 29, 2015**
Date

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date **June 29, 2015** Signature
**Mary Russo**
Debtor

Date **June 29, 2015** Signature
**Carl D Russo**
Joint Debtor

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

[Page content is rotated/mirrored and largely illegible; contains two signatures and faded text.]